**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**K.B., by and through his Parent,
K.B.,**

      Plaintiffs.

                                      No.:_____

**v.**

**MEMPHIS-SHELBY COUNTY SCHOOLS,**

      Defendant.

---

## COMPLAINT

---

**COMES THE PLAINTIFFS, K.B.,** through his parent, K.B. They show:

**I.    INTRODUCTION**

1. "This action is only the latest stop on K.B.'s long and winding journey to the special education and accommodations he needs to obtain the free appropriate public education ("FAPE") guaranteed to him by the IDEA." *K.B. v. Memphis Shelby Cnty.*, No. 24-5345, 2024 U.S. App. LEXIS 21201, at *1 (6th Cir. Aug. 21, 2024). Today marks the 1253rd day from the date Plaintiffs

first filed the underlying due process complaint in this case[1][2]. At the point Plaintiffs filed the complaint, K.B. had **already** been denied any special education for more than a school year[3].

2. The underlying case seeks redress for Defendant's blatant denial of a free appropriate public education (FAPE) to a child with autism (autism, Autism Spectrum Disorder, and/or ASD), intellectual disability, and attention deficit hyperactivity disorder (ADHD), and Defendant's continued refusal to fulfill its obligations under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*., (IDEA).

3. The instant complaint follows the Court's March 12, 2024 order in *K.B. v. Memphis-Shelby Cnty. Sch. Dist.*, No. 2:22-cv-02464-JPM-cgc, (W.D. Tenn.)(ECF 104), remanding the case to the state hearing officer to re-determine compensatory education given the Court's finding that the hearing officer used the wrong standard and to determine whether claims for the narrow period of March 14, 2022-May 17, 2022 were properly before both the hearing officer and, subsequently, the federal district court.[4]

---

[1] Although the Tennessee Administrative Procedures Division did not properly file the complaint until several days letter, Plaintiffs filed the due process complaint and served it on Defendant on October 1, 2021. APD TR 07.03-214603J Page 1; ECF 14-1, PgID 400.

[2] All citations to the underlying case's record (from the Tennessee Administrative Procedures Division) and to the Electronic Case File numbers in this Complaint refer to the numbers as assigned in that underlying case in *K.B. v. Memphis-Shelby Cnty. Sch. Dist.*, No. 2:22-cv-02464-JPM-cgc, (W.D. Tenn.).

[3] This also represents more than a year after Mr. Bardwell (K.B.'s father) and/or Ms. Guy (Mr. Bardwell's partner) first contacted Defendant to enroll his children, including K.B., in school following their move to Memphis in the summer of 2020. *See Final Order* (May 17, 2022)(finding of fact no. 10: "On July 14, 2020, an email was sent from the email account of Mr. K.B. to MSCS for the purpose of notifying MSCS that K.B. and his siblings needed to be registered to attend MSCS schools."), APD TR 07.03-214603J Page 3102; ECF 14-16, PgID 3501.

[4] The district court's March 12, 2024 order also remanded the question of whether the October 18, 2021 or March 14, 2022 Individualized Education Program (IEP) governed the March 14-May 17, 2022 time period. However, the parties stipulated that the October 21, 2021 IEP was the operative

4. The state hearing officer, a Tennessee Administrative Judge (ALJ), held a hearing on the remanded issues on December 3, 4, and 13, 2024, and issued a second[5] Final Order on January 6, 2025. *See attached* Exhibit A (Second Final Order dated January 6, 2025).

5. This complaint is timely brought to appeal procedural errors in the remand process, to challenge the mechanism by which the state hearing officer determined compensatory education should be provided, and to seek reasonable attorneys' fees and costs under 20 U.S.C. § 1415.

## II.   PARTIES AND JURISDICTION

6. K.B. is a now twelve-year-old boy with autism, intellectual disability, and ADHD. K.B.'s disabilities are lifelong, multiple, severe, and obvious. His disabilities are so severe that he was attending a multi-faceted agency providing all-day intensive Applied Behavior Analysis (ABA) services in lieu of a public elementary school prior to moving into the Memphis-Shelby County Schools district in the summer of 2020, despite being school-aged.

7. K.B. resides with his father, Mr. K.B. (Father[6]), (collectively, Plaintiffs) in Memphis, Tennessee. Mr. K.B. brings this action individually and as the parent to his son, K.B.

8. K.B. has lived in – and continues to live in – the Memphis-Shelby County School district since 2020.

---

IEP. The district court's March 12, 2024 order already decided that the October 18, 2021 IEP did not provide K.B. a free appropriate public education (FAPE). *K.B. v. Memphis-Shelby Cty. Sch.*, No. 2:22-cv-02464-JPM-cgc, 2024 U.S. Dist. LEXIS 43251, at *27.

[5] The first Final Order is the order that the same ALJ issued following the underlying initial due process complaint and hearing. The ALJ issued the first Final Order on May 17, 2022. APD TR 07.03-214603J Page 3140; ECF 14-16, PgID 3539.

[6] Father and son share the same initials. Thus, Mr. K.B. will be referred to alternatively as Mr. K.B., Mr. Bardwell, and/or Father. K.B., the student, will be referred to by his initials.

3

9. Defendant Memphis-Shelby County Schools (also doing business as the Shelby County Board of Education and referred to as MSCS, the District, and Defendant) receives state and federal funding to provide special education to persons with a disability under the IDEA, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504), and Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.A. § 12101 *et seq*., (ADA).

10. This action arises under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§1400 *et seq*. Jurisdiction is conferred upon this Court by the IDEA, 20 U.S.C. §§1415(i)(2)(A) and 1415(i)(3)(A), which provides district courts of the United States with jurisdiction over any action brought under the IDEA, without regard to the amount in controversy.

11. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as Plaintiffs reside within the Western District of Tennessee and all events and omissions giving rise to this Complaint occurred in this judicial district.

### III. PROCEDURAL HISTORY & FACTS

12. Plaintiffs filed the underlying due process complaint on October 1, 2021. APD TR 07.03-214603J Page 1; ECF 14-1, PgID 400.

13. Administrative exhaustion initially occurred through a state due process hearing on March 22-23, 2022, and April 8, 2022, before Tennessee Administrative Judge Phillip Hilliard.

14. The hearing concluded favorably to Plaintiffs, with a Final Order (First Final Order) from the ALJ on May 18, 2022. APD TR 07.03-214603J Page 3099-3159; ECF 14-16, PgID 3498-3558. In particular, the First Final Order correctly determined that Defendant did not provide K.B. with a FAPE at any time in the 2020-2021 school year and in the 2021-2022 school year through October 18, 2021.

15. Plaintiffs appealed the ALJ erroneous finding that Defendant has provided a FAPE to K.B. since October 18, 2021, and Plaintiffs appealed the compensatory education award as insufficient. *See*, ECF 1.

16. This Court held a supplemental evidentiary hearing on December 18 and 19, 2023, and January 8, 2024.

17. The Court issued an order on March 12, 2024, *K.B. v. Memphis-Shelby Cnty. Sch. Dist.*, No. 2:22-cv-02464-JPM-cgc, (W.D. Tenn.)(ECF 104), reversing the First Final Order's finding that Defendant had provided K.B. a FAPE since October 18, 2021, and held that the ALJ used the wrong standard in determining compensatory education. The Court remanded the case the ALJ to re-determine compensatory education given the Court's finding that the ALJ used the wrong compensatory education standard and to determine whether claims for the narrow period of March 14, 2022-May 17, 2022 were properly before both the hearing officer and, subsequently, the federal district court.

18. Plaintiffs filed a notice of remand in the Tennessee Administrative Procedures Division on March 21, 2024.

19. Then, the Defendant filed a notice of appeal to the Sixth Circuit on April 11, 2024.

20. Without legal authority to do so, over Plaintiffs objections, and despite Defendant's failure to comply with the Federal Rules of Appellate Procedure, the ALJ stayed the case while Defendant's misplaced appeal in the Sixth Circuit. *See attached* Exhibit B (ALJ Order dated May 17, 2024).

21. On May 22, 2024, Plaintiffs filed a motion to dismiss Defendant's Sixth Circuit appeal.

22. On August 21, 2024, the Sixth Circuit granted Plaintiffs' motion to dismiss. *K.B. v. Memphis Shelby Cnty.*, No. 24-5345, 2024 U.S. App. LEXIS 21201 (6th Cir. Aug. 21, 2024).

23. Eventually the ALJ held a hearing on the remanded issues on December 3, 4, and 13, 2024, and issued a second[7] Final Order on January 6, 2025. *See attached* Exhibit A (Second Final Order dated January 6, 2025).

24. The Second Final Order found:

> 1. The Petitioners' claims for the period of March 14, 2022, through May 17, 2022, are not allowable under 20 U.S.C. § 1415(f)(3)(B). Alternatively, if these claims are allowable, the October 2021 IEP governed during that period (as stipulated by the parties (Remand T.R. Vol. IV, pp. 436-437), and, as already determined by the District Court, K.B. was denied a FAPE from March 14, 2022, through May 17, 2022.
> 2. The Petitioners have shown that K.B. should receive 3,105 hours of compensatory ABA therapy services provided by an RBT supervised by a BCBA. These services shall be made available through a fund provided by MSCS, allowing parent K.B. to select from whom, how, what, and when compensatory services are provided.
> 3. The Petitioners have shown that K.B. should receive 18 hours of compensatory speech/language therapy services to be provided by MSCS through a licensed speech-language pathologist while K.B. is at school. Page 24 of 254.
> 4. The Petitioners have not shown that K.B. should receive compensatory OT services or transportation relief.
> 5. The Respondent is the prevailing party on items 1 and 4.
> 6. The Petitioners are the prevailing party on items 2 and 3.

Exhibit A (Second Final Order) at 24-25.

25. Defendant filed a motion to stay in the Administrative Procedures Division on January 13, 2025, and a motion for reconsideration on January 21, 2025.

26. The ALJ issued an order on January 27, 2025 determining that the hours of private ABA services specified in his January 6, 2025 order would be monetized in a "compensatory education fund" as follows:

- RBT (3,105 x 80%) x $83.75 = $208,035

---

[7] The first Final Order is the order that the same ALJ issued following the underlying initial due process complaint and hearing. The ALJ issued the first Final Order on May 17, 2022. APD TR 07.03-214603J Page 3140; ECF 14-16, PgID 3539.

- BCBA (3,105 x 20%) x $121.25 = $75,296.25

TOTAL = $283,331.25

*See attached* Exhibit C (Order dated January 27, 2025).

27. Plaintiffs filed a written objection to both the motion to stay and the motion for reconsideration as improper under the IDEA. Plaintiffs' position is that the only redress to the ALJ's January 6, 2025 remand order was to file an action in federal district court. *See*, 20 U.S.C.S. § 1415(i). Plaintiffs also asked for an opportunity to more fully brief how the compensatory education award should be administered and requested that the funds be placed in a special needs trust.

28. The ALJ issued an order on February 10, 2025 denying Defendant's motion to stay and granting in part the motion for reconsideration. *Attached* as Exhibit D (Third Final Order dated February 10, 2025). In particular, the ALJ provided more specific guidance that the fund described in his January 6, 2025 order could be achieved by Plaintiffs submitting invoices to Defendant directly for payment of services.

29. The relationship between Plaintiffs and Defendant after almost four years of litigation is mistrustful at best. As such, by ordering the parties to continue to interact over a period of potentially years in the administration of the compensatory education award is fraught with problems.

    **IV. CAUSES OF ACTION**

        **a. Plaintiffs' Claims under IDEA**

30. All prior paragraphs are incorporated herein by reference.

31. K.B. is a student with disabilities as that term is defined by the IDEA. He was, and is, eligible for a FAPE under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.*, (IDEA).

32. Mr. K.B. is the parent and legal guardian of K.B. who receives special education services under the IDEA. Mr. K.B. brings this action in his own right and on behalf of his son, K.B.

33. The ALJ erred as a matter of law by failing to make a discernible decision on whether Plaintiffs' claims for the period of March 14, 2022, through May 17, 2022, are allowable under 20 U.S.C. § 1415(f)(3)(B). Those claims are allowable and should have been considered.

34. The ALJ erred as a matter of law by granting in part Defendant's motion for reconsideration and by amending the January 6, 2025 order to require Plaintiffs to submit invoices directly to Defendant for payment for compensatory education (i.e., ABA) services.

### b. Attorneys' Fees

35. All prior paragraphs are incorporated herein by reference.

36. Plaintiffs are now the prevailing party on almost all substantive issues in their original due process complaint, including:

   a. that MSCS committed a child find violation and denied K.B. a FAPE from October 5, 2020, through the end of the 2020- 2021 school year and from August 9, 2021, to October 18, 2021, of the 2021-2022 school year. This is roughly one full school year, which would equate to 180 days;

   b. that MSCS failed to provide K.B. an IEP reasonably calculated to enable K.B. to make progress appropriate in light his circumstances and thereby denied him a FAPE from October 5, 2020, through the end of the 2020-2021 school year and from August 9, 2021, to October 18, 2021, of the 2021-2022 school year;

    c. that MSCS failed to provide K.B. a FAPE from October 18, 2021 until at least March 14, 2022;

    d. that K.B. is entitled to compensatory education for ABA services in the amount of 3,105 hours (monetized for a total award of $283,331.25); and

    e. that K.B. is entitled to compensatory education for missed speech language therapy services totaling 18 hours.

37. Administrative law judges do not have the authority to award the substantial attorneys' fees and costs (monetary relief) under the IDEA. For those, Plaintiffs are required to file this action under the IDEA. Plaintiffs will file a corollary motion seeking leave to renew their motion for fees in the underlying case.

38. The IDEA assures an award of reasonable attorneys' fees as part of the costs for a "prevailing party" in an impartial due process hearing conducted under the IDEA. 20 U.S.C. §1415.

39. Plaintiffs meet the definition of "prevailing party" with the respect to the above-enumerated issues in Paragraph 34.

40. Since Plaintiffs obtained relief based on the merits of the substantive claims enumerated in Paragraph 34, they meet the definition of "prevailing party" under the IDEA.

41. Plaintiffs' counsel have expended a great amount of time pursuing K.B.'s rights, and counsel continues to be required to spend additional time pursuing these fees as well as the additional rights for K.B. as plead in this complaint.

42. Plaintiffs seek to recover their litigation costs, reasonable attorneys' fees for Janet H. Goode and Michael F. Braun and other costs recoverable under the IDEA for being the prevailing party on the substantive part of due process hearing as found in the Final Order.

## V.     RELIEF SOUGHT

43. The foregoing paragraphs are incorporated.

44. Plaintiffs seek the following relief:

   a. A finding that the ALJ erred by failing to find that Plaintiffs' claims for the period of March 14, 2022, through May 17, 2022, are allowable under 20 U.S.C. § 1415(f)(3)(B);

   b. an order dismissing the February 10, 2025 order;

   c. an order that Defendant place the ALJ's compensatory education award in the amount of $283,331.25 be placed in a special needs trust for K.B.; and

   d. litigation costs, reasonable attorneys' fees for Janet H. Goode and Michael F. Braun, expert witness fees, and other costs recoverable under the IDEA for being the prevailing party on those issues identified in this complaint. Plaintiffs request a Court-ordered schedule with a hearing date or briefing date for submission of the dollar amounts of the fees and costs, along with any supporting documentation/testimony (in the event stipulation of attorneys' fees and costs is not possible). In the event the parties are not able to stipulate to the amount of attorneys' fees and costs, Plaintiffs intend to seek the additional fees and costs that will be incurred in this action once the final amount is known;

   e. Reasonable attorneys' fees and costs under IDEA in this action; and

   f. Any other such relief as the Court deems appropriate and as the cause of justice may require.

Date:   March 7, 2025                    *s/Janet H. Goode*
                                         Janet H. Goode, TN BPR #35872
                                         917 Cooper Street
                                         Memphis, TN 38104
                                         901-308-7511
                                         janet@janetgoodelaw.com


                                         *s/ Michael F. Braun*
                                         MICHAEL F. BRAUN (BPR 032669)
                                         5016 Centennial Boulevard, Ste. 200
                                         Nashville, TN 37209
                                         (615) 378-8942

                                         **Attorneys for Plaintiffs**